IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00408-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JAMES ROY SMITH,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO *PRO SE* MOTION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE TERM (ECF NO. 3)**

---

The United States (the government) hereby files its response to the defendant's *Pro Se* Motion to Terminate Defendant's Supervised Release Term. For the reasons set forth below, the government requests that the Court deny the defendant's motion.[1]

## BACKGROUND

On August 14, 2014, the defendant was sentenced in the District of New Jersey to 51 months' imprisonment followed by 15 years' supervised release for conspiracy to transport individuals to engage in prostitution and transportation for prostitution. ECF No. 1-1. As set forth in the two-count superseding information to which the defendant plead guilty, the offenses and the defendant's role in them were serious. *See* Exhibit 1 (docketed superseding information in the District of New Jersey case). The object of

---

[1] The Probation Officer also requests that the Court deny the motion. See ECF No. 6.

the conspiracy was for the defendant and others to profit from transporting individuals to numerous states across the United States to engage in acts of prostitution. *Id.* The conspirators recruited and induced women to engage in prostitution, advertised these women's services to locate customers for their prostitution activities, traveled to engage in prostitution, and booked lodging for the prostitution. *Id.* In furtherance of the conspiracy, the defendant booked a hotel for a woman whom he had recruited to work as a prostitute. *Id.* He also transported a number of women from New Jersey to Pennsylvania so that the women could engage in prostitution. *Id.* With respect to the second count in the superseding information, the defendant knowingly transported a woman in interstate commerce with intent that she engage in prostitution. *Id.*

The defendant's case was transferred to the District of Colorado in September 2018. ECF No. 2. The defendant's term of supervised release began on January 26, 2018. *Id.*

Less than three years after his fifteen-year term of supervised release began, the defendant filed a motion for early termination of supervised release. *See* ECF No. 3. The assigned Probation Officer opposes the defendant's motion. ECF No. 6.

**LEGAL STANDARD**

I. **Early Termination of Supervised Release When a Defendant Has Not Served the Mandatory Minimum Term Pursuant to 18 U.S.C. Section 3583(k)**

As a threshold matter, the defendant has a mandatory minimum term of supervised release of five years as to his conviction for violating 18 U.S.C. § 2421, *see* 18 U.S.C. § 3583(k), and he has not served that mandatory minimum term.

The case law is not well established regarding whether a court may terminate supervised release pursuant to 18 U.S.C. § 3583(e) when a mandatory minimum term of supervised release applies pursuant to 18 U.S.C. § 3583(k).[2]  *See United States v. Legan*, 2018 WL 6441046, at *4 (D. Mont. Dec. 7, 2018) ("Even if Legan's conduct warranted terminating his supervised release, this Court would likely be barred from doing so by § 3583(k), which provides that convictions under 18 U.S.C. § 2252A carry a mandatory minimum of five years' supervised release."), v*acated and remanded on other grounds*, 805 F. App'x 515 (9th Cir. 2020). *Cf. United States v. Mathis*, 221 F. Supp. 3d 1131, 1133 (S.D. Iowa 2016) (declining to address whether the court may terminate supervised release before the defendant serves the mandatory minimum pursuant to § 3583(k) and instead denying the defendant's early termination motion on the merits).  The cases that the defendant cites for the proposition that the Court may ignore the mandatory minimum do not deal with cases pursuant to § 3583(k).  *See generally United States v. Spinelle*, 41 F.3d 1056 (6th Cir. 1994); *United States v. Gainer*, 936 F. Supp. 785 (D. Kan. 1996).[3]

There are policy reasons not to terminate supervised release before a defendant has served the mandatory minimum under § 3583(k).  In *Legan*, the court explained that

---

[2]To the extent that the defendant suggests the mandatory minimum term of supervised release in § 3583(k) is unconstitutional based on *United States v. Haymond*, 139 S. Ct. 2369 (2019), that is not so.  In *Haymond*, the Supreme Court determined that the last two sentences of the subsection – concerning the commission of certain specified offenses by certain defendants while on supervised release – were unconstitutional.  139 S. Ct. at 2384-85.  That portion of § 3583(k) is not at issue here, and *Haymond* did not nullify 18 U.S.C. § 3583(k) in its entirety.  *See, e.g.*, *Harmon v. True*, 2019 WL 6615422, at *2 (S.D. Ill. Dec. 5, 2019).

[3]The defendant did not provide a full citation to one case: *United States v. Ailsworth*, No. 64-40017 (D. Kan. 2020).  The government was not able to review that case.

§ 3583(k) was enacted as part of the Adam Walsh Child Protection and Safety Act of 2006, which increased the penalties for certain offenses.  *See Legan*, 2018 WL 6441046, at *4.  The purpose of the Act, including the provision of certain mandatory minimum terms for supervised release, suggests that Congress did not intend for termination of supervised release before service of the applicable mandatory minimum pursuant to § 3583(k).  *See id.*

II.   **General Case Law on Early Termination of Supervised Release**

Putting aside the issue of the mandatory minimum pursuant to 18 U.S.C. § 3583(k), this Court has authority under 18 U.S.C. § 3583(e)(1) to terminate a term of supervised release at any time after one year of supervised release if the Court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  Whether to grant a motion to terminate a term of supervised release is a matter of the Court's discretion.  *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2011).

Before making a decision to terminate a defendant's supervised release, a court must first consider the statutory factors enumerated in 18 U.S.C § 3583(e),[4] covering the same "general punishment issues" that the court would consider when imposing an initial sentence, "such as deterrence, public safety, rehabilitation, proportionality, and consistency."  *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).

---

[4] The Court must consider the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Some courts have concluded "early termination [is] reserved for rare cases of exceptionally good behavior." *United States v. Smith*, 219 F. App'x 666, 668 (9th Cir. 2007) (internal quotation marks omitted); *see also United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) ( "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances — such as exceptionally good behavior."); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) ("exceptionally good behavior" requires something more than "[m]odel prison conduct and full compliance with the terms of supervised release"); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (though defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule"); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) (a defendant must show something "of an unusual or extraordinary nature" in addition to full compliance). *But see United States v. Shaw*, Case No. 11-cr-00406-CMA, ECF No. 499 (D. Co. March 5, 2020) ("[I]t is unnecessary for all persons under supervised release to show exceptionally good behavior to warrant early termination.").

## ANALYSIS

Early termination of supervised release is unwarranted here. This Court need not reach the issue of its authority to terminate the defendant's supervised release before he serves the applicable five-year term pursuant to 18 U.S.C. § 3583(k) if the Court agrees with the government that the motion should be denied on its merits.

The defendant argues that he has complied with the terms of his supervised release, has completed drug treatment, and has a stable family situation. *See* ECF No. 3. But those facts do not warrant early termination as to this defendant now.

The Probation Officer has advised that the defendant remains in outpatient treatment. The Probation Office would like to see the defendant complete treatment and maintain compliance prior to termination of supervised release.

The defendant's motion should be denied. The seriousness of the defendant's offenses of convictions and his role in the offenses weighs against early termination. In addition, the Probation Officer's assessment and recommendation is supported by the statutory factors enumerated in 18 U.S.C § 3583(e) and counsels against granting the defendant's motion.

## CONCLUSION

The United States requests that the Court deny the defendant's motion for early termination of his term of supervised release.

Respectfully submitted this 9th day of September, 2020.

                JASON R. DUNN
                United States Attorney

By: *s/Emily Treaster*
     Emily Treaster
     Assistant United States Attorney
     1801 California Street, Suite 1600
     Denver, Colorado 80202
     Telephone: (303) 454-0100
     Facsimile: (303) 454-0406
     E-mail: Emily.Treaster@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of September, 2020, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO *PRO SE* MOTION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE TERM (ECF NO. 3)** using the CM/ECF system and a copy was placed in the U.S. Mail, postage pre-paid, addressed to the following:

James R. Smith
2050 Whitewood Drive
Colorado Springs, CO 90806

*s/Maggie E. Grenvik*
Maggie E. Grenvik
Legal Assistant