IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 18-cr-00408-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES ROY SMITH,

    Defendant.

---

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE

---

This matter is before the Court on Defendant's Second *Pro* Se Motion to Terminate Defendant's Supervised Release Term (Doc. # 9).   Probation recommends Defendant's termination be granted (Doc. # 12). The Court notes that in its response to Defendant's Motion, the Government argues that, when Congress enacted 18 U.S.C. § 3583(k), which requires the imposition of a mandatory minimum term of five years of supervised release for the Defendant's crime, it "evinced an opinion that people who commit these offenses should serve at least five years of supervised release." In acknowledgement that Defendant has done well on supervised release, however, the Government indicates that it would not object to the Court's early termination of Mr. Smith's supervised release "on January 26, 2023, which would be the exact five-year mark for supervised release." (Doc. # 13).

The Tenth Circuit has not opined on whether a court can terminate supervision pursuant to section 3583(e) before the Defendant has completed the five years of supervised release mandated by section 3583(k). This Court finds persuasive the Sixth Circuits analysis in *United States v. Spinelle,* 41 F.3d 1056 (6th Cir. 1994), in which the panel considered whether Congress had altered district courts' discretionary authority under §3583(e)(1) to terminate supervised release after one year of supervision, when it enacted 21 U.S.C. §841(b)(1)(C), which requires imposition of a three-year minimum term of supervised release at sentencing for certain drug offenses. The *Spinelle* court examined the plain meaning of the two statutes and concluded that Congress clearly intended to differentiate the sentencing phase from the post-sentencing phase. This Court agrees and determines that it is not precluded from terminating Defendant's supervised release early (after one year) under §3583(e)(1) despite the fact that his term of five years supervised release was imposed as a mandatory minimum term.

The Court notes that Defendant has reintegrated well into his community.  He currently resides with his wife and children and maintains full-time employment with a company he has been with since the start of supervised release.  Defendant continues to participate in outpatient treatment, despite completing his mandatory conditions of treatment.   The Court commends Defendant on his progress and commitment to turning his life around. The Court is satisfied that early termination is warranted by his conduct and the interest of justice.  Accordingly, it is

ORDERED that Defendant's Second *Pro* Se Motion to Terminate Defendant's Supervised Release Term  (Doc. # 9) is GRANTED and that Defendant Smith be

3

DISCHARGED from supervised release.

DATED: February 8, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

3